IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL WINFIELD

                Plaintiff,

v.

DUSTIN ROHWER,

                Defendants.

OPINION and ORDER

20-cv-926-jdp

---

Pro se plaintiff Michael Winfield is proceeding on a claim that defendant Dustin Rohwer, a correctional officer at Columbia Correctional Institution, used excessive force against him in violation of the Eighth Amendment. Rohwer has filed a motion to dismiss Winfield's claim for his failure to exhaust his administrative remedies. Dkt. 14. I will grant the motion because Rohwer has shown that Winfield did not exhaust his administrative remedies. I will deny Winfield's motion for an extension of time to file a sur-reply brief. Dkt. 34. I do not typically permit sur-replies, and Winfield does not explain why a sur-reply would be helpful in this case.

Also before the court is Winfield's motion to amend his complaint, Dkt. 31, and a proposed amended complaint, Dkt. 32, in which he seeks to revive claims against defendants I dismissed previously. I will deny the motion because Winfield has not pleaded facts sufficient to state a claim against any of the previously dismissed defendants.

ANALYSIS

**A. Exhaustion**

A plaintiff who is confined in prison and who is challenging prison conditions must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing initial grievance and necessary appeals. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *Burrell v. Power*s, 431 F.3d 282, 284-85 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. A prisoner starts the complaint process by filing an inmate complaint with the institution complaint examiner. The inmate must "clearly identify the issue" about which he is complaining. Wis. Admin. Code § DOC 310.09(e). Depending on the complaint examiner's response, a prisoner may appeal immediately or may wait to receive a response from a reviewing authority. *Id.* § DOC 310.10. If an inmate disagrees with the decision of the reviewing authority, he may appeal to the corrections complaint examiner. *Id.* § DOC 310.12. The corrections complaint examiner then recommends a decision to the Secretary of the Department of Corrections, who adopts or rejects the recommendation. *Id.* § DOC 310.13.

In this lawsuit, Winfield alleges that on April 30, 2018, Officer Rohwer became frustrated with Winfield and slammed the trap door of Winfield's cell onto Winfield's fingers, causing him severe injury. Winfield filed one inmate complaint related to his claim against

2

Rohwer: CCI-2018-10767. Dkt. 16-2. Rohwer argues that CCI-2018-10767 was not sufficient to exhaust an excessive force against Rohwer because Rohwer's actions were not the focus of the inmate complaint.

In the inmate complaint, Winfield alleged that he was handing something to Officer Rohwer through his cell trap when Rohwer closed Winfield's fingertips in the trap, cutting Winfield's fingers. Winfield started to yell and asked for a supervisor. He then became angry and depressed and asked to be placed on observation. Rohwer told another officer to watch Winfield so that he did not harm himself. A short time later, the other officer left, and Winfield cut himself. Winfield was taken to health services and his arm was cleaned, but Dr. Stange, a psychologist, told security staff that Winfield did not need to be placed on observation. Winfield was placed in a segregation cell, where he attempted to hang himself with a bed sheet. Winfield was removed from his cell and evaluated by medical staff. Dr. Stange again told security staff that Winfield did not need to be placed on observation status. Winfield concluded his inmate complaint by stating that Dr. Stange's actions violated the Eighth Amendment and that she should be held accountable for her conduct. *Id.* at 13.

The inmate complaint examiner forwarded Winfield's complaint to the psychological services supervisor for review. Based on information provided by the psychological services supervisor, the inmate complaint examiner recommended dismissal of the complaint. The complaint was then reviewed by the Bureau of Health Services, which accepted the recommendation of dismissal. Winfield appealed, but the dismissal was affirmed.

I agree with Rohwer that Winfield's inmate complaint was insufficient to exhaust an excessive force claim against Rohwer. The focus of Winfield's complaint was Dr. Stange's refusal to place Winfield on observation status despite knowing that Winfield was emotionally

distressed and might harm himself. Although Winfield mentioned Rohwer briefly, and alleged that Rohwer closed the trap door on his fingers, Winfield did not allege that Rohwer's use of force was intentional or excessive, that Rohwer had violated his rights, or that Rohwer should be held accountable for his conduct.

Winfield argues that the institution complaint examiner overlooked his allegations about Rohwer's use of force, and that the examiner erred by focusing solely on Winfield's allegations about Dr. Stange. Winfield argues that he should not be penalized because prison staff failed to address all of the concerns that he raised in his inmate complaint. But this argument fails for two reasons. First, Wisconsin's administrative code provides that an inmate complaint "may contain only one clearly identified issue." Wis. Admin. Code DOC § 310.07. The inmate complaint form likewise instructed Winfield to identify "the ONE issue" of the complaint and the "remedial action" being requested. Dkt. 16-2, at 12 (emphasis in original). Winfield identified the one issue as: "Psychological Dr. Stange was deliberately indifferent to my psychological health and safety. Punitive damages $80,000. Compensatory damages $40,000." *Id.* Winfield also wrote that he had attempted to resolve the complaint by communicating with the psychological services supervisor and his unit manager about Dr. Stange's actions. *Id.* If Winfield intended to challenge Rohwer's actions specifically, he needed to file a separate complaint that identified Rohwer's excessive force as the one issue being grieved. *See Northern v. Dobbert*, 816 F. App'x 11, 14 (7th Cir. 2020) (inmate failed to exhaust medical care claim because, although inmate alleged in his inmate complaint that he received inadequate wound care, he identified "retaliation" as the one issue being grieved).

Second, the allegations in the inmate complaint were insufficient to put the prison on notice that Winfield sought redress for Rohwer's use of force. An inmate's complaint "will

suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (citation omitted). Winfield's complaint mentioned Rohwer's use of force only once and only as context for why he became emotionally distressed and wanted to be placed on observation status. Nowhere in his complaint did he assert that he was seriously harmed by Rohwer's actions or that Rowher should be held accountable for injuring him. *See Northern*, 816 F. App'x 11, 14 (inmate's brief mention of inadequate wound care was insufficient to put the prison on notice that inmate sought redress for inadequate medical care); *Head v. Waterman*, No. 20-CV-522-JDP, 2021 WL 327023, at *2 (W.D. Wis. Feb. 1, 2021) (inmate's complaints about being denied insulin were not sufficient to exhaust claims challenging policies regarding insulin management).

In sum, Winfield's complaint was not sufficient to exhaust his administrative remedies with respect to his excessive force claim against Rohwer. I will grant Rohwer's motion and dismiss Winfield's claim his failure to exhaust his administrative remedies.

**B. Winfield's motion to amend his complaint**

In the screening order, I denied Winfield leave to proceed on claims against several individuals, including members of security and psychological services staff, because Winfield's factual allegations did not suggest that the individuals acted with deliberate indifference to his health or safety. Winfield has filed a proposed amended complaint seeking to revive his claims against some of the dismissed defendants: Officer Turner, Officer Youn, Captain Bussie, and Dr. Stange. But Winfield's proposed amended complaint still does not include allegations suggesting that these defendants violated his constitutional rights.

Winfield alleges that Officer Turner, Officer Youn, and Captain Bussie should have ensured that he be placed on observation or control status after he reported that he might harm himself. But those officers did not have authority to overrule Dr. Stang's decision not to place Winfield on observation status. And the officers were entitled to rely on Stang's professional opinion that Winfield did not need constant observation. In addition, Winfield alleges that Youn monitored him, walking away from Winfield's cell only once. When Youn returned and saw that Winfield had cut himself, Youn obtained help immediately. These allegations do not suggest that Turner, Youn, or Bussie acted with deliberate indifference to Winfield's safety or health.

As for Dr. Stange's decision not to place Winfield on observation status, I explained in the screening order that Winfield's allegations were insufficient to support an Eighth Amendment claim. In his proposed amended complaint, Winfield still has not alleged facts suggesting that Stange believed that there was a substantial risk to Winfield's health or safety in the restrictive housing unit. Nor has Winfield alleged that he actually incurred serious harm. Winfield instead alleges that when he attempted to harm himself, officers responded immediately. Therefore, I will deny Winfield's motion for leave to file an amended complaint. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (prisoner's allegation that guard responded slowly to his suicide threat was not sufficient to support Eighth Amendment claim where prisoner did not actually harm himself).

ORDER

IT IS ORDERED that:

1. Defendant Dustin Rohwer's motion for summary judgment, Dkt. 14, is GRANTED. Plaintiff Michael Winfield's Eighth Amendment claim against

Rohwer is DISMISSED WITHOUT PREJUDICE for Winfield's failure to exhaust his administrative remedies as to that claim before filing suit.

2. Plaintiff's motion for leave to amend his complaint, Dkt. 31, and proposed amended complaint, Dkt. 32, are DENIED.

3. Plaintiff's motion for an extension of time to file a sur-reply, Dkt. 34, is DENIED.

Entered June 1, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge